# UNITED STATES DISTRICT COURT

for the

MIDDLE District of FLORIDA

TAMPA Division

Case No. 8:26-cv-2004-TPB-TGW

*(to be filled in by the Clerk's Office)*

SIMMONS, JULIUS

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

"SEE ATTACHED"

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

JUL 13 2026 PM2:30
FILED - USDC - FLMD - TPA

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

IFP

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: SIMMONS, JULIUS

All other names by which you have been known: (NONE)

ID Number: 31800510

Current Institution: FEDERAL MEDICAL CENTER

Address: P.O. BOX 1600

BUTNER (City) NC (State) 27509 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: PINELLAS COUNTY SHERIFF OFFICE

Job or Title *(if known)*: (N/A)

Shield Number: (N/A)

Employer: (N/A)

Address: 14400 49TH ST. N.

CLEARWATER (City) FL (State) 33762 (Zip Code)

☐ Individual capacity ☑ Official capacity

Defendant No. 2

Name: SAMANTHA BECKMAN

Job or Title *(if known)*: ASSISTANT DISTRICT ATTORNEY

Shield Number: (N/A)

Employer: DEPARTMENT OF JUSTICE

Address: 804 N. FLORIDA AVE

TAMPA (City) FL (State) 33610 (Zip Code)

☑ Individual capacity ☐ Official capacity

Defendant No. 3

Name: CHRISTOPHER P. TUITE
Job or Title *(if known)*: UNITED STATES MAGISTRATE JUDGE
Shield Number: (N/A)
Employer: DEPARTMENT OF JUSTICE
Address: 801 N. FLORIDA AVE
TAMPA (City) FL (State) 33610 (Zip Code)

☑ Individual capacity ☐ Official capacity

Defendant No. 4

Name: STEVEN J. MERRYDAY
Job or Title *(if known)*: UNITED STATE DISTRICT JUDGE
Shield Number: (N/A)
Employer: DEPARTMENT OF JUSTICE
Address: 801 N. FLORIDA AVE
TAMPA (City) FL (State) 33610 (Zip Code)

☑ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

"SEE ATTACHED"

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"SEE ATTACHED"

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* ______

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

"SEE ATTACHED"

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

"SEE ATTACHED"

C. What date and approximate time did the events giving rise to your claim(s) occur?

"SEE ATTACHED"

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

"SEE ATTACHED"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

"SEE ATTACHED"

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

"SEE ATTACHED"

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

PINELLAS COUNTY JAIL

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

PINELLAS COUNTY JAIL

2. What did you claim in your grievance?

CIVIL RIGHT VIOLATIONS

3. What was the result, if any?

NONE

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I TOOK THE NECCESSARY STEPS TO APPEAL, AND COMPLETED.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

DID NOT FILE GRIEVANCE FOR TOXIC SMOKE DUE TO SAFETY.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

(N/A)

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

(N/A)

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

NONE

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) (N/A)

   Defendant(s) (N/A)

2. Court *(if federal court, name the district; if state court, name the county and State)*

   (N/A)

3. Docket or index number

   (N/A)

4. Name of Judge assigned to your case

   (N/A)

5. Approximate date of filing lawsuit

   (N/A)

6. Is the case still pending?

   ☐ Yes

   ☑ No

   If no, give the approximate date of disposition. (N/A)

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   (N/A)

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) SIMMONS, JULIUS

   Defendant(s) HILLSBOROUGH COUNTY SHERIFF'S OFFICE

2. Court *(if federal court, name the district; if state court, name the county and State)*

   UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

3. Docket or index number

   8:26-CV-286-SDM-SPF

4. Name of Judge assigned to your case

   STEVEN J. MERRYDAY

5. Approximate date of filing lawsuit

   "UPON INFORMATION AND BELIEF" JANUARY (2026)

6. Is the case still pending?

   ☑ Yes

   ☐ No

   If no, give the approximate date of disposition ______

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   PENDING

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/7/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Simmons, Julius

Prison Identification # 31800510

Prison Address P.O. Box 1600

Butner. | NC | 27509
City | State | Zip Code

### B. For Attorneys

Date of signing: N/A

Signature of Attorney (N/A)

Printed Name of Attorney (N/A)

Bar Number (N/A)

Name of Law Firm (N/A)

Address (N/A)

(N/A) | (N/A) | (N/A)
City | State | Zip Code

Telephone Number (N/A)

E-mail Address (N/A)

---

FROM: 31800510
TO:
SUBJECT: Julius Simmons v. Defendant(s)..
DATE: 07/08/2026 01:17:37 PM

DEFENDANT(S)
(Attachment)

Pinellas County Sheriff's Office

Samantha Beckman

Christopher P. Tuite

Steven j. Merryday

TRULINCS 31800510 - SIMMONS, JULIUS - Unit: BUH-G-B

---

FROM: 31800510
TO:
SUBJECT: Statement of claim
DATE: 07/07/2026 07:42:14 PM

IV. STATEMENT OF CLAIM
(ATTACHMENT)

Claim 1. Pinellas Count Sheriff Office
Fourth Amendment Violation
(False imprisonment)

On or about January 2023, at Pinellas county Jail, in St. Peterburg FL, Plaintiff Julius Simmons was placed in administrative confinement by Pinellas county jail employees for fighting with another inmate. Whereas, in most cases Disciplinary sanction is up to a maximum of 30 days confinement, however, Plaintiff Julius Simmons was confined for over 120 days.

Claim 2. Pinellas County Sheriff Office
Eight Amendment violation
(Exposure to toxic smoke)

On or about November 17, 2022, Plaintiff Julius Simmons was transferred to Pinellas county jail pending trial, where, Plaintiff Julius Simmons was exposed to toxic smoke for over 36 months, within the jail.

Claim 3. Pinellas County Sheriff Office
Fourth Amendment Violation
(Strip Searches)

On or about November 17, 2022, Plaintiff Julius Simmons was transferred to Pinellas county jail pending trial. Plaintiff Julius Simmons encountered countless illegal strip searches by jail employees.

Claim 4. Pinellas County Sheriff Office
Eight Amendment Violation
(inadequate medical care)

"Upon information and belief", the year of 2024 through 2025, Plaintiff Julius Simmons was denied Dental Care by Jail staff (Tooth removal/ wisdom tooth).

Claim 5. Samantha Beckman
Fifth Amendment Violation
(Double Jeopardy)

On or about November 17, 2022, Plaintiff Julius Simmons plead NOT GUILTY to alleged crime. Insofar, Plaintiff Julius Simmons pretrial detention departs outside the Federal Sentencing Guideline range. Plaintiff Julius Simmons Is currently being held on pretrial detention after 48 months for ordinary street crime.

Claim 6. Christopher P. Tuite
Fifth Amendment Violation

---

(Double Jeopardy)

On or about November 17, 2022, Plaintiff Julius Simmons plead NOT GUILTY to alleged crime. insofar, Plaintiff Julius Simmons pretrial detention departs outside the federal Sentencing Guideline range. Plaintiff Julius Simmons is currently being held on pretrial detention after 48 months for ordinary street crime.

Claim 7. Steven J. Merryday
Fifth Amendment Violation
(Double Jeopardy)

On or about November 17, 2022, Plaintiff Julius Simmons plead NOT GUILTY to alleged crime. Insofar, Plaintiff Julius Simmons pretrial detention departs outside the Federal Sentencing Guideline range. Plaintiff Julius Simmons is currently being held on pretrial detention after 48 months for ordinary street crime.

Claim 8. Samantha Beckman
Eight Amendment Violation
(excessive Bail And Cruel And Unusual Punishment)

On or about January 3,2024, Plaintiff Julius Simmons was denied bail after 18 months pretrial detention for ordinary street crime. In light of the perceived evil Magistrate order for detention was excessive. Today, Plaintiff Julius Simmons prolonged pretrial detention of 48 months for ordinary street crime constitute a fraction of the same fatal constitutional infirmity as the death penalty, that "it treats Plaintiff Julius Simmons as non-human, as a object to be toyed with".

Claim 9. Christopher P. Tuite
Eight Amendment Violation
(Excessive Bail And Cruel And Unusual Punishment)

On or about January 3, 2024, Plaintiff Julius Simmons was denied bail after 48 months pretrial detention for ordinary street crime. In light of the perceived evil Magistrate order for detention was excessive. Today, Plaintiff Julius Simmons prolonged pretrial detention of 48 months for ordinary street crime constitute a fraction of the same fatal constitutional infirmity as the death penalty, that "it treats Plaintiff Julius Simmons as non-human, as a object to be toyed with".

Claim 10. Steven J. Merryday
Eight Amendment Violation
(Excessive Bail And Cruel And Unusual Punishment)

On or about January 3, 2024, Plaintiff Julius Simmons was denied bail after 48 months pretrial detention for ordinary street crime. In light of the perceived evil Magistrate order for detention was excessive. Today, Plaintiff Julius Simmons prolonged pretrial detention of 48 months for ordinary street crime constitute a fraction of the same fatal constitutional infirmity as the death penalty, that "it treats Plaintiff Julius Simmons as non-human, as a object to be toyed with".

---

Claim 11. Samantha Beckman
Article 1. Sec. 9. Cl III. violation
(Bills of Pain and Penalties)

On or about June 15, 2023, State of Florida excepted Plaintiff Julius Simmons plea of NOT GUILTY during a hearing in Hillsborough County Jail. Defendant(s), herein, also excepted Plaintiff Julius Simmons plea of NOT GUILTY on November 17, 2022, at the Federal court house located in Tampa FL. However, prolonged pretrial detention for ordinary street crime (48 months), prohibit Plaintiff Julius Simmons from performing any legal functions and regarding him as dead in law, and inflicts pains and penalties upon Plaintiff Julius Simmons without a finding of guilt by a jury of his peers.

Claim 12. Christopher P. Tuite
Article 1. Sec. 9. Cl. III. Violation
(Bills of Pain and Penalties)

On or about June 15, 2022, State of Florida excepted Plaintiff Julius Simmons plea of NOT GUILTY during a hearing in Hillsborough County Jail. Defendant(s), herein, also excepted Plaintiff Julius Simmons plea of NOT GUILTY on November 17, 2022, at the Federal court house located in Tampa FL. However, prolonged pretrial detention for ordinary street crime (48 months), prohibits Plaintiff Julius Simmons from performing any legal functions and regarding him as dead in law, and inflicts pains and penalties upon Plaintiff Julius Simmons without a finding of guilt by a jury of his peers.

Claim 13. Steven J. Merryday
Article 1. Sec. 9. Cl. III. Violation
(Bills of Pain and Penalties)

On or about June 15, 2022, State of Florida excepted Plaintiff Julius Simmons plea of NOT GUILTY during a hearing in Hillsborough Count Jail. Defendant(s), herein, also excepted Plaintiff Julius Simmons plea of NOT GUILTY on November 17, 2022, at the Federal court house located in Tampa FL. However, prolonged pretrial detention for ordinary street crime (48 months), prohibits Plaintiff Julius Simmons from performing any legal functions and regarding him as dead in law, and inflicts pains and penalties upon Plaintiff Julius Simmons without a finding of guilt by a jury of his peers.

Claim 14. Christopher P. Tuite
Fifth Amendment Violation
(Due Process Clause)

On or about December 19, 2025, at competency hearing pursuant to 18 USC 4247(d), Defendant(s) did not allow Plaintiff Julius Simmons testimony over objection.

Claim 15. Samantha Beckman
Article III. Sec. 2 Cl. 1.

---

(Jurisdiction)

On or about November 3, 2022, Government failed to obtain Article III. Subject Matter Jurisdiction prior to indictment of Plaintiff Julius Simmons (allegations states possession of firearm without anyone directly or proximately harmed "no victim").

Claim 16. Christopher P. Tuite
Article III. Sec. 2 Cl. 1.
(Jurisdiction)

On or about November 3, 2022, Government failed to obtain Article III. Subject Matter Jurisdiction Prior to indictment of Plaintiff Julius Simmons (allegations states possession of firearm without anyone directly or proximately harmed "no victim")

Claim 17. Pinellas County Sheriff Office
Eight Amendment Violation
(inadequate medical care)

On or about December 21, 2025, Plaintiff Julius Simmons experience inadequate medical care at Pinellas County jail, by jail medical staff during a minor procedure to right big toe (ingrown toe nail). Plaintiff Julius Simmons became ill due to loss of blood, lack of medication and proper footwear after minor procedure. In sum, Plaintiff Julius Simmons had to have minor procedure again due to inadequate medical care.

TRULINCS 31800510 - SIMMONS, JULIUS - Unit: BUH-G-B

---

FROM: 31800510
TO:
SUBJECT: Injuries
DATE: 07/07/2026 07:42:46 PM

V. INJURIES
(ATTACHMENT)

Claim 1. EIGHT AMENDMENT VIOLATION

Claim 2. EIGHT AMENDMENT VIOLATION

Claim 3. FOURTH AMENDMENT VIOLATION

Claim 4. EIGHT AMENDMENT VIIOLATION

Claim 5. FIFTH AMENDMENT VIOLATION

Claim 6. FIFTH AMENDMENT VIOLATION

Claim 7. FIFTH AMENDMENT VIOLATION

Claim 8. EIGHT AMENDMENT VIOLATION

Claim 9. EIGHT AMENDMENT VIOLATION

Claim 10. EIGHT AMENDMENT VIOLATION

Claim 11. ARTICLE 1. SEC. 9. CL. 3 VIOLATION

Claim 12. ARTICLE 1. SEC. 9. CL. 3 VIOLATION

Claim 13. ARTICLE 1. SEC. 9. CL. 3 VIOLATION

Claim 14. FIFTH AMENDMENT VIOLATION

Claim 15. ARTICLE 1. SEC. 9. CL. 3 VIOLATION

Claim 16. ARTICLE 1. SEC. 9. CL. 3 VIOLATION

Claim 17. EIGHT AMENDMENT VIOLATION

TRULINCS 31800510 - SIMMONS, JULIUS - Unit: BUH-G-B

FROM: 31800510
TO:
SUBJECT: relief
DATE: 07/07/2026 07:43:21 PM

VI. RELIEF
(ATTACHMENT)

Claim 1. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $50,000;

Claim 2. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 3. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 4. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 5. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 6. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 7. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 8. MOMEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 9. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 10. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $100,000;

Claim 11. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 12. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 13. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 14. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 15. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 16. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

Claim 17. MONEY DAMAGES AND PUNITIVE DAMAGES IN THE AMOUNT OF $150,000;

OR WHAT THE COUT DEEM PROPER;

Grand Total of = 2,100,000 (Two-million and one hundred thousand dollars)

Name: SIMMONS, JULIUS
Reg #: 31800-510
DOB: 02/07/1993

BUH-2G

COPY

**FCC Butner**

**Matrixectomy Patient Education**

1. Upon return to unit, immediately take recommended ibuprofen or acetaminophen to help with pain control. Take pain medication as prescribed and pain should subside after 3-4 days.
2. 24 hours after procedure, remove dressing and gently wash area with mild soap and warm water. Pat dry and apply ointment. Cover with clean socks.
3. For the next week, wash area daily with mild soap and warm water and pat dry. Apply **clean** socks daily after washing affected area.
4. Continue to be ambulatory for the next week but be careful to not aggravate area or cause any trauma.
5. Only use prescribed foot wear for the first week and keep medical duty status form on hand at all times.
6. For mild swelling keep affected area elevated while sleeping. Warm compresses may also be used.
7. If any drainage, severe swelling, redness, profuse bleeding, etc. is noted, notify medical staff for evaluation.

6/23/26 @1000

Nurse Printed Name & Signature — Date & Time

X [signature] — 6/23/26 @ 1000

Patient Printed Name & Signature — Date & Time

Name: SIMMONS, JULIUS
Reg #: 31800-510
DOB: 02/07/1993

BUH-2G